STEPHANIE INGRAM *et al.*, Plaintiffs-Appellants, *v.* LITTLE COMPANY OF MARY HOSPITAL, Defendant-Appellee.—(ROBERT B. McCREADY, M.D., Defendant.)

First District (3rd Division)   No. 81-1567

Opinion filed June 2, 1982.—Modified on denial of rehearing August 25, 1982.

Joseph C. Owens, of Chicago, for appellants.

Lord, Bissell & Brook, of Chicago (Harold L. Jacobson, David J. Slawkowski, and Hugh C. Griffin, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court as modified upon the denial of rehearing:

Plaintiff, Stephanie Ingram, appeals from an order of the trial court dismissing count II of her second amended complaint in a medical malpractice action against defendant, Little Company of Mary Hospital. The trial court ruled that the complaint failed to state a cause of action against the hospital for wilful and wanton misconduct. Plaintiff's complaint against Doctor Robert B. McCready for negligence and wilful and wanton misconduct and against the hospital for negligence is still pending in the trial court. The facts as revealed by the pertinent pleadings are as follows.

Plaintiff alleged that in April 1978, she consulted and employed Doctor McCready to treat her for her pregnancy. In June the doctor informed her the fetus had died.

In August 1978, she entered the hospital at the doctor's instruction to have the fetus surgically removed. The doctor told plaintiff that he would induce contractions by the use of a new medication which was unfamiliar to him and the hospital staff. After the medication was administered and the desired effect was not achieved, contrary to the manufacturer's recommendation, the doctor repeated the medication nine hours later. Despite the insufficient dilation of plaintiff's uterus, the surgery was performed.

Assisted by hospital staff, the doctor removed the placenta and umbilical cord, but not the fetus. Plaintiff was placed in a hospital recovery room where the doctor informed her that he found no evidence of a fetus. Plaintiff was not advised by the doctor or any member of the hospital staff that she could spontaneously expel her fetus at any time.

The next day, plaintiff, assisted by a nurse, sat on a toilet. There, she felt her cervix enlarge and her baby fell into the toilet. When plaintiff requested that an autopsy be performed the doctor assured her it was unnecessary since the fetus was 3½ months old. A subsequent report showed the fetus to be 5 or 6 months old.

The complaint further alleged that "with a conscious indifference to circumstances and conditions" the hospital by its agents and servants "committed the following wilful and wanton acts:

(a) Wilfully and wantonly maintained and controlled said hospital ***;

(b) Wilfully and wantonly failed to provide skillful *** medical, surgical and nursing care ***;

(c) Wilfully and wantonly performed [the operation] *** without removing the fetus from her womb, although it did remove umbilical cord and placenta ***;

(d) Wilfully and wantonly failed and omitted to call in another competent medical doctor to assist in or take over the treatment *** after [the doctor's] unsuccessful effort to remove her unborn child ***;

(e) Wilfully and wantonly terminated the *** operation at a stage that left Plaintiff in such condition that the dead fetus was expelled spontaneously *** the following day ***."

In finding the count deficient, the trial court suggested that the hospital, since it did not perform the surgery, could not be guilty of wilful and wanton misconduct under any circumstances. The hospital argues, however, that the complaint was deficient since, except for the insertion of the words "conscious indifference" and "wilful and wanton," the allegations in count II essentially mirrored the allegations in another count based on ordinary negligence.

■ Defects in one count cannot be cured by reference to other counts not expressly incorporated therein; and conversely, the validity of one count cannot be destroyed by comparison to other allegations made in good faith in separate counts. See, *e.g., O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 415 N.E.2d 1015, where our supreme court held that mirror-allegations of wilful and wanton misconduct stated a cause of action.

■ A hospital may be liable for injuries suffered by a patient under its care on two distinct theories. The hospital may be liable both for its physician-agent's misconduct and for a violation of an independent duty owed by the hospital to review and supervise medical care administered to a patient. *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253; *Johnson V. St.*

*Bernard Hospital* (1979), 79 Ill. App. 3d 709, 399 N.E.2d 198.

■ Wilful and wanton misconduct need not be an intentional act, but may be an act "committed under circumstances exhibiting a reckless disregard for the safety of others ***." (*O'Brien v. Township High School District 214*, (1980), 83 Ill. 2d 462, 469.) Whether or not there has been wilful or wanton misconduct in a given case "necessitates close scrutiny of the facts as disclosed by the evidence." 83 Ill. 2d 462, 469.

■ While ultimate facts necessary to support an action must be alleged, the pleader need not set forth evidence which very well may be derived from discovery subsequent to the filing of the complaint. *(People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 430 N.E.2d 1005.) The line between an ultimate fact and legal conclusion is difficult to discern and depends to some extent upon the particular case. (*People ex rel. Fahner v. Carriage Way West, Inc.*) We believe the allegations in count II state an action for wilful and wanton misconduct sufficient to withstand a motion to dismiss.

The present complaint contains highly detailed factual allegations of the acts committed by agents and servants of the hospital and also contains sufficient allegations of the hospital's breach of its independent duties to review and supervise. We cannot say, prior to a presentation of the evidence, that plaintiff will not be able to prove the hospital's alleged breach of duty. Without the aid of discovery, the averment that the actions or inactions of the hospital and its agents were performed with a conscious indifference to plaintiff's safety, and in a wilful and wanton manner, sufficiently apprises the hospital of the claim against it. We cannot say, as a matter of law, that there is no evidence under these facts which could prove wilful and wanton misconduct. *O'Brien v. Township High School District 214; Third Swansea Properties, Inc. v. Ockerlund Construction Co.* (1976), 41 Ill. App. 3d 894, 354 N.E.2d 148; *McRoberts v. Maxwell* (1976), 40 Ill. App. 3d 766, 353 N.E.2d 159; *Church v. Adler* (1953), 350 Ill. App. 471, 113 N.E.2d 327.

Two decisions relied upon by the hospital are inapposite. In *Pendowski v. Patent Scaffolding Co.* (1980), 89 Ill. App. 3d 484, 411 N.E.2d 910, a decision which preceded the supreme court's holding in *O'Brien*, this court set aside on the basis of insufficient evidence a jury award for punitive damages for wilful and wanton misconduct. Further commentary on the sufficiency of the pleadings was merely dicta. Nor does the holding in *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177, dictate a different result in the present case. There, an allegation that defendant knowingly failed to

remedy a dangerous condition was contradicted by another allegation that defendant attempted to change the condition after repeated drownings. No such contradiction exists here.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing count II of the second amended complaint is reversed and the cause remanded for further proceedings.

Judgment reversed and remanded.

WHITE, P. J., and RIZZI, J., concur.