JAMES H. MEIN, Plaintiff-Appellant and Cross-Appellee, *v.* MASONITE CORPORATION, Defendant-Appellee and Cross-Appellant.

First District (3rd Division)  No. 83—805

Opinion filed May 30, 1984.

Jerome W. Pinderski, Jr., of Palatine, for appellant.

McDermott, Will & Emery, of Chicago (Michael T. Roumell, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, James H. Mein, appeals from an order of the circuit court of Cook County dismissing his complaint against defendant, Masonite Corporation, for failure to state a cause of action. In his complaint plaintiff alleged that: he was an employee of the defendant from March 1950 through February 23, 1982, when he was discharged without notice; at the time of his dismissal he was 55 years old and

held the post of staff designer at an annual salary of $41,580; defendant made no offer of alternative employment to him although he was eminently qualified for other positions held by younger, less experienced employees; no employee remains in his former work unit with his tenure, experience and age; as a result of his termination he lost his salary and employee benefits and suffered numerous and varied economic and noneconomic injuries; the public policy of Illinois forbids discrimination on the basis of an employee's age; defendant discharged him in violation of that public policy and consequently committed the tort of wrongful discharge.

■■ On a motion to dismiss a complaint for failure to state a cause of action all facts properly pleaded in the complaint must be taken as true. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) We therefore accept as true plaintiff's allegations of employment with defendant, dismissal, and retention of younger and less experienced employees. Moreover, plaintiff's complaint will not be dismissed unless it clearly appears that no set of facts can be proved under it which will entitle him to recover. *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790.

■■ ■ Plaintiff contends that his complaint states a cause of action for wrongful discharge under *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, and *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876. We note first that the tort recognized by our supreme court in *Kelsay* and *Palmateer* is for retaliatory discharge. The tort is applicable when an employer discharges an employee in retaliation for the employee's activities, and the discharge is in contravention of a clearly mandated public policy. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 134, 421 N.E.2d 876.) The foundation of the tort lies in the protection of public policy, the tort serving to curb the employer's otherwise absolute power to terminate an employee at will when that power is exercised to prevent the employee from asserting his rights as found in the State's constitution, statutes and judicial decisions. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 133, 421 N.E.2d 876.) In the instant case we find that plaintiff has failed to state a cause of action for retaliatory discharge. Plaintiff alleged in his complaint that he was dismissed because of his age, 55 years, not because of his conduct or activity. Plaintiff's allegations of discrimination on the basis of his status are insufficient to support a cause of action for retaliatory discharge.

■■ We next consider whether an action, other than one for retal-

iatory discharge, could be maintained for the alleged wrongful discharge. Plaintiff was an employee at will of defendant, and generally, an employer may discharge such an employee whenever and for whatever cause he chooses without incurring liability. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 128, 421 N.E.2d 876; *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 181, 384 N.E.2d 353.) The right to terminate an at will employment relationship is subject only to the provisions of applicable statutes, and other clear mandates of public policy. Consequently, plaintiff's action for wrongful discharge must be based on a statute or other statement of public policy prohibiting discharge on the basis of age. Plaintiff conceded at oral argument that the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*), is the sole authority in Illinois prohibiting age discrimination. The question then becomes whether plaintiff can maintain an action in tort for a violation of the policy embodied in the Illinois Human Rights Act. We believe that he cannot. The Illinois Human Rights Act contains a comprehensive series of remedies for violations of the policy therein stated. Furthermore, the Act provides:

"Judicial Review

\* \* \*

(D) Limitation. Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." (Ill. Rev. Stat. 1981, ch. 68, par. 8—111(D).)

In light of the comprehensive remedies provided in the Act and the express limitation on judicial review of alleged civil rights violations, we cannot conclude that there is an independent action in tort for employment discrimination on the basis of age. (*Brudnicki v. General Electric Co.* (N.D. Ill. 1982), 535 F. Supp. 84; see also *Teale v. Sears, Roebuck & Co.* (1976), 66 Ill. 2d 1, 359 N.E.2d 473.) Accordingly, we hold that plaintiff cannot state a cause of action for wrongful discharge outside the purview of the Illinois Human Rights Act.

For the aforementioned reasons the judgment of the circuit court is affirmed.

Affirmed.

RIZZI, P.J., and McGILLICUDDY, J., concur.