CARMEL POWERS, Plaintiff-Appellant, v. DELNOR HOSPITAL *et al.*,
Defendants-Appellees.

Second District   No. 84—0481

Opinion filed July 24, 1985.

Dan Walker, Jr., of Oak Brook, for appellant.

Michael F. Dolan and Ralph A. Morris, both of Seyfarth, Shaw, Fair-
weather & Geraldson, of Chicago, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

This is an appeal from dismissal of two counts of plaintiff Carmel Powers' complaint against defendants Delnor Hospital, Sandy Fitzmaurice, and Shirley Smith. Therefore, the facts set forth in that complaint are accepted as true for purposes of review.

Carmel Powers was employed by Delnor Hospital, one of the three defendants, in its emergency department from October 6, 1980, until April 25, 1983. Powers' supervisor starting in January 1982 was another of the defendants, Sandy Fitzmaurice, head nurse of the emergency department. Fitzmaurice's supervisor was the third defendant, Shirley Smith, director of nursing at the hospital. Finally, Jack Taft, the hospital's chief administrator, set policy and oversaw all personnel at Delnor Hospital.

Until October 1982 all of the evaluations of Carmel Powers' performance were satisfactory. In October of 1982, February of 1983 and on March 28, 1983, Ms. Powers received an unsatisfactory performance evaluation and two disciplinary action notices, each of which contained misstatements and lies. Attempts to correct the falsehoods by means of the problem solving procedures set forth in the hospital's employee handbook were either unsuccessful or met with no action.

On April 25, 1983, Carmel Powers was told by Fitzmaurice and Smith that she was being discharged because of her dissatisfaction with the hospital and the department. In the written notice of termination the reason was stated:

"The continuous dissatisfaction that Carmel has indicated in both written communication and verbally, regarding personell [sic] policies and procedures as well as the continued friction and tension caused within the department because of her expressed attitudes and feelings about the nursing profession and her peers make continued employment impossible."

The notice was sent to Jack Taft and was approved by him.

Carmel Powers filed a four-count complaint in connection with her discharge, naming Delnor Hospital, Sandy Fitzmaurice and Shirley Smith as defendants. Count I alleged that Fitzmaurice and Smith intentionally interfered with Powers' employment contract with Delnor Hospital; count II alleged that Sandy Fitzmaurice had slandered Carmel Powers in the notice of termination; count III alleged that Delnor Hospital had wrongfully discharged Ms. Powers; count IV alleged, pursuant to 42 U.S.C. sec. 1983 (1982), that Delnor Hospital had violated Ms. Powers' civil rights.

The defendants moved to strike and dismiss the complaint, alleging each count to be deficient in one or more respects. The circuit

court heard the motion and dismissed counts I, III and IV. The circuit court denied Carmel Powers' subsequent motion for reconsideration of the dismissal of counts I and III. Powers appeals, contending that counts I (intentional interference with a contract) and III (wrongful discharge) were sufficient to state causes of action or, alternatively, that leave to amend the complaint should have been granted.

At issue in this case are the legal sufficiency of counts I and III of the complaint and the circuit court's denial of leave to amend those counts after ruling them insufficient. Under count I the legal sufficiency question turns on whether the allegations made were sufficient to state a recognized cause of action, intentional interference with a contract, and under count III the legal sufficiency question turns on whether to recognize a new cause of action for wrongful discharge. Because the considerations under each count differ significantly, they will be discussed separately.

With respect to count I, the governing law is well established, though its application to a particular case is not always clear. The drafter of a complaint must strike a balance between the inclusion of too little and too much factual detail. If too little factual detail is included, the complaint is objectionable for stating conclusions. (*Pfendler v. Anshe Emet Day School* (1980), 81 Ill. App. 3d 818, 822, 401 N.E.2d 1094, 1096.) On the other hand, if too much detail is included the complaint improperly pleads evidence. (*O'Brien v. Matual* (1957), 14 Ill. App. 2d 173, 144 N.E.2d 446.) What the drafter must plead are ultimate facts. (*Ingram v. Little Company of Mary Hospital* (1982), 108 Ill. App. 3d 456, 459, 438 N.E.2d 1194, 1196.) It is not always easy to differentiate between conclusions, ultimate facts and evidence for pleading purposes, in part because the law takes the pragmatic view that the classification of an allegation is to some extent dependent upon the context of the particular case in which it is made. *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 376, 282 N.E.2d 723, 725; *Ingram v. Little Company of Mary Hospital* (1982), 108 Ill. App. 3d 456, 459, 438 N.E.2d 1194, 1196.

As with all pleadings, a court must liberally construe a complaint so as to do substantial justice between the parties. (Ill. Rev. Stat. 1983, ch. 110, par. 2—603(c).) A motion to dismiss a complaint admits as true all properly pleaded facts and should not be granted unless it clearly appears from the pleadings that the plaintiff would not be entitled to recover under any set of facts which could be proved. *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790, 794.

Count I of the complaint was intended to allege an intentional

interference with the contract of employment between Carmel Powers and Delnor Hospital by Sandy Fitzmaurice and Shirley Smith, two other of Delnor Hospital's employees. The elements of the tort are: (1) existence of a valid and enforceable contract, (2) knowledge of the contract by the defendant, (3) intentional and malicious inducement by the defendants of a breach of the contract, (4) breach of the contract caused by the wrongful conduct of the defendants, and (5) resulting damages to the plaintiff. (*Ramsey v. Greenwald* (1980), 91 Ill. App. 3d 855, 862, 414 N.E.2d 1266, 1272.) The action will lie where the contract involved is one of employment terminable at will (*Kemper v. Worcester* (1982), 106 Ill. App. 3d 121, 125, 435 N.E.2d 827, 830), and it will lie against a co-employee (*Ramsey v. Greenwald* (1980), 91 Ill. App. 3d 855, 414 N.E.2d 1266), though the co-employee may be able to assert a qualified privilege as an affirmative defense (see *Ramsey v. Greenwald* (1980), 91 Ill. App. 3d 855, 863, 414 N.E.2d 1266, 1272-73).

█ The defendants contend that the complaint neither alleged that Fitzmaurice and Smith intentionally and maliciously induced Delnor Hospital's breach of the contract nor alleged facts from which such intentional and malicious inducement could be inferred. To the extent the complaint addresses itself to this element of the tort, it is the defendants' position that the allegations are conclusory and, thus, insufficient.

It is true that count I of the complaint contained several conclusory allegations on the one hand and some surplusage on the other. However, it also included the following allegations:

"17. Upon her return to work on April 25, 1983, Plaintiff was informed by Defendant Sandy Fitzmaurice and Defendant Sandy [*sic*] Smith that she was discharged because of her 'dissatisfaction with the hospital and the department'.

18. The notice of termination was sent to Jack Taft and approved by him.

19. The above cited reason for Plaintiff's termination as a nurse was false, and was known or should have been known by Defendant Fitzmaurice and Defendant Smith that it was false [*sic*]."

Under these allegations, a possible set of facts which might be proved would be that Fitzmaurice and Smith, knowing the falsity of what they said, had communicated to Jack Taft, the hospital's chief administrator, the false information contained in their statements, and, as a result, Carmel Powers was discharged. The proof of such a set of facts would establish a malicious defamation which, in the context of

this case, would not only be sufficient to prove the intentional and malicious inducement element of the tort, but also would be sufficient to defeat Fitzmaurice's and Smith's qualified privilege as co-employees at the hospital. *Ramsey v. Greenwald* (1980), 91 Ill. App. 3d 855, 414 N.E.2d 1266.

The defendants apparently believe that the allegations that the statement was false and known by Fitzmaurice and Smith to be false were conclusions rather than facts. This is incorrect. Whether a statement is true or false, and whether it is known by a person to be true or false, are both ultimate facts in the context of this case. Other than a detailed recitation of evidence, a recitation which is not required under Illinois rules of pleading, there is no other way to allege these facts. Indeed, it is directly from these facts that it is possible to infer the legal conclusion that the inducement to breach was intentional and malicious. Thus, in this case, the allegations of falsity and knowledge of falsity were proper.

Count I therefore sufficiently alleged the tort of intentional interference with a contract. It should not have been dismissed.

■ Carmel Powers also contends that the circuit court erred in dismissing count III of her complaint. In this regard, she asks this court to recognize a new cause of action for wrongful discharge in cases where an employer states a reason for termination of an employee known by the employer to be false. The action would not be premised upon the communication of the falsehood to a third party since, as Ms. Powers recognizes, the tort of defamation provides protection in that situation. Nor would it be premised on the impropriety of the actual reason for terminating the employee, since it is limited to situations where the employer knows the reason given is false. Rather, the cause of action would be premised on the employer's lying about the reason for termination to the discharged employee and, perhaps, to itself in its internal documents.

It is unclear whether Ms. Powers' new cause of action would be grounded in contract or in tort. In either event, however, the theory is untenable.

If the theory sounds in contract, it is deficient for two reasons. First, the contractual obligation not to lie about the reasons for termination would have to be derived from the duty of good faith and fair dealing included in every contract as a matter of law. (See *Cuerton v. Abbott Laboratories, Inc.* (1982), 111 Ill. App. 3d 261, 263, 443 N.E.2d 1069, 1071.) However, the duty of good faith and fair dealing which the law implies does not create an independent cause of action (*Gordon v. Matthew Bender & Co.* (N.D. Ill. 1983), 562 F. Supp. 1286,

1289-90), and certainly cannot be interpreted to limit the right to terminate an at-will employment contract. Second, the measure of compensatory damages for a breach of contract would be the amount necessary to put the parties in the position they would have been in if the contract had been performed. (*Bender v. Consolidated Mink Ranch, Inc.* (1982), 110 Ill. App. 3d 207, 215, 441 N.E.2d 1315, 1322.) Under Ms. Powers' theory, neither the actual reason for the discharge nor even the discharge itself could be complained of; only the lie to the employee about the reason. Since if the employer did not lie, the employee would nonetheless have been discharged, no damages could ever result from a breach under Ms. Powers' theory. For these two reasons, if Ms. Powers' new cause of action sounds in contract, it will not be recognized by this court.

If the theory sounds in tort, it is deficient, again for two reasons. Although not really discussed by the parties, the case law on retaliatory discharge may profitably be consulted on this issue.

Generally, an employee at will may be discharged whenever and for whatever reason an employer chooses. (*Mein v. Masonite Corp.* (1984), 124 Ill. App. 3d 617, 619, 464 N.E.2d 1137, 1138.) However, when an employer discharges an employee in retaliation for the employee's activities and that discharge contravenes a clearly mandated public policy, the employee may sue in tort for retaliatory discharge. (*Mein v. Masonite Corp.* (1984), 124 Ill. App. 3d 617, 618, 464 N.E.2d 1137, 1138; *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 134, 421 N.E.2d 876, 881.)

> "The foundation of the tort lies in the protection of public policy, the tort serving to curb the employer's otherwise absolute power to terminate an employee at will when that power is exercised to prevent the employee from asserting his rights as found in the State's constitution, statutes and judicial decisions." (*Mein v. Masonite Corp.* (1984), 124 Ill. App. 3d 617, 618, 464 N.E.2d 1137, 1138.)

Nothing equivalent to either of the elements of retaliatory discharge exists to support Ms. Powers' new cause of action.

First, there is no attempted coercion by the employer in the termination of the employee. Ms. Powers concedes that Delnor had the right to terminate her, but seeks to have liability imposed because Delnor lied about the reason for the termination. This is simply not so compelling a reason to impose liability as when an employee is discharged for taking certain actions favored by a clearly mandated public policy.

Second, the employer's lying to an employee and in its internal

records is not against any clearly mandated public policy. It may be that as a matter of private morality and out of respect for its employees as people an employer should be truthful when it gives reasons for terminating an employee. However, these are personal matters and not the subject of public policies. See *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 130, 421 N.E.2d 876, 878-79.

Thus, neither the coerciveness of the employer's actions nor the need to protect a clearly mandated public policy, both of which are present in the situations where the tort of retaliatory discharge is recognized, are present to support the recognition of the new cause of action asserted by Ms. Powers. In the absence of such compelling circumstances, there is no need to place further limits on an employer's right to terminate an at will employee by recognizing a new tort.

Consequently, regardless of whether the new cause of action sounds in tort or in contract, it is untenable. The circuit court's dismissal of count III of the complaint premised upon a wrongful discharge was therefore proper.

Since count I was sufficient, there is no need to address the question of whether leave to amend that count should have been granted. Since count III was based on a nonexistent cause of action, no purpose would be served by permitting amendment of it, since it could not be amended to state a cause of action. Thus, the circuit court properly denied leave to amend count III.

The judgment of the circuit court is therefore affirmed insofar as it dismisses count III of the complaint; reversed insofar as it dismisses count I of the complaint; and the cause is remanded.

Affirmed in part; reversed in part; and remanded.

STROUSE and HOPF, JJ., concur.