MELVIN B. STEWART, Plaintiff-Appellant, v. RICHARD OST, Defendant-Appellee.

First District (3rd Division)   No. 84—2038

Opinion filed March 31, 1986.

Carr & O'Rourke Associates, of Chicago, for appellant.

L. Bow Pritchett, Robert Guritz, and Georgia J. Reithal, all of Chicago, for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff Melvin Stewart filed his third amended complaint charging defendant Richard Ost with slander and tortious interference with plaintiff's employment. The trial court granted defendant's motion to dismiss all counts of the third amended complaint for failure to state a cause of action, and the court denied plaintiff leave to amend. Plaintiff appeals.

Plaintiff alleged in count I that he was employed by Illinois Bell Telephone Company as an engineer, that defendant was employed by the same company as a security representative, and that defendant investigated an alleged theft of another's employee's wallet and the subsequent illegal use, at a local retail store, of a credit card taken from that wallet. According to the complaint, defendant told plaintiff's supervisor, Bernard Ryan, and other officers of Illinois Bell that a representative of the retail store identified plaintiff as the person who used the credit card, although defendant knew that no such per-

son had so identified plaintiff. Plaintiff alleged that Illinois Bell fired plaintiff as a result of defendant's investigation. Plaintiff sought compensatory damages for his loss of employment, and in count II plaintiff sought punitive damages based on the same acts of tortious interference with plaintiff's employment. The trial court granted defendant's motion to dismiss.

A motion to dismiss for failure to state a cause of action should not be granted unless "it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover," and all properly pleaded facts must be taken as true. *People ex rel. Hartigan v. MacLean Hunter Publishing Corp.* (1983), 119 Ill. App. 3d 1049, 1051-52, 457 N.E.2d 480.

■ Defendant contends that count I fails to state a cause of action because it fails to allege facts removing defendant's conduct from the co-worker's qualified privilege, under the standard set out in *Worrick v. Flora* (1971), 133 Ill. App. 2d 755, 272 N.E.2d 708. Defendant claims that to overcome the privilege, *Worrick* requires that the acts of the defendant be done both (1) pursuant to his own personal interests and (2) contrary to those of the corporation. We disagree. *Worrick* states the the co-worker's qualified privilege affords protection only "so long as a fellow employee is acting in accord with the interest of the employer ***." (133 Ill. App. 2d 755, 759, 272 N.E.2d 708.) Plaintiff alleged that defendant was hired to investigate crimes, and defendant knowingly made factual misrepresentations to his employer concerning the findings of his investigation. Thus, plaintiff has adequately alleged that defendant acted contrary to the interests of the corporation. These allegations are adequate to overcome defendant's qualified privilege as a co-employee. *Powers v. Delnor Hospital* (1985), 135 Ill. App. 3d 317, 321, 481 N.E.2d 968.

■ Defendant next argues that the allegations of count I are inadequate because plaintiff failed to allege facts which support the allegation that defendant knew that his accusations of plaintiff were false. However, plaintiff is not required to allege any such supporting facts since, in this context, the allegation of knowledge is sufficiently factual. (*Powers v. Delnor Hospital* (1985), 135 Ill. App. 3d 317, 321, 481 N.E.2d 968.) Accordingly, we hold that plaintiff has stated a cause of action for tortious interference with an employment relationship in count I of his third amended complaint. We reverse the trial court order granting defendant's motion to dismiss count I.

Defendant argues that plaintiff failed to state a cause of action for exemplary damages in count II of the third amended complaint because plaintiff alleged no facts beyond those necessary to state a

cause of action for tortious interference with an employment relationship. Defendant relies on *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157, in which the Supreme Court of Illinois, in an action for intentional infliction of severe emotional distress, held that punitive damages could not be awarded: "Since the outrageous quality of the defendant's conduct forms the basis of the action, the rendition of compensatory damages will be sufficiently punitive." (22 Ill. 2d 73, 88, 174 N.E.2d 157.) Defendant contends that because defendant had a qualified privilege to investigate plaintiff's conduct, malice is a necessary element of the underlying cause of action and therefore as a matter of law plaintiff cannot recover exemplary damages without allegations of conduct that goes beyond mere malice.

■ Once a plaintiff has shown that a co-worker defendant was not acting in the interests of their employer, the defendant co-worker's qualified privilege no longer has any relevance to the action. (See *Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 350, 243 N.E.2d 217; *Fascian v. Bratz* (1981), 96 Ill. App. 3d 367, 421 N.E.2d 409.) Therefore, defendant cannot use his qualified privilege to shield himself from exemplary damages if it is established that he abused the privilege by acting contrary to the interests of the employer. Exemplary damages may be awarded for tortious interference with an employment relationship, when the tort is done with actual malice. (*Mitchell v. Weiger* (1977), 56 Ill. App. 3d 236, 241, 371 N.E.2d 888; *Hannigan v. Sears, Roebuck & Co.* (7th Cir. 1969), 410 F.2d 285, 293, *cert. denied* (1969), 396 U.S. 902, 24 L. Ed. 2d 178, 90 S. Ct. 214.) Therefore, we reverse the trial court order granting defendant's motion to dismiss count II.

In count III of his third amended complaint, plaintiff alleged that defendant, plaintiff, and plaintiff's supervisor, Bernard Ryan, met in a conference room, and at that conference defendant said to Ryan, "Why are you defending him? What does it take to convince you that he is guilty?" Plaintiff seeks compensatory damages for the slanderous implications of those questions, and in count IV he seeks punitive damages for slander.

Defendant contends that plaintiff failed to state a cause of action for slander because the allegedly slanderous words are capable of an innocent construction. Our supreme court has restated the innocent construction rule in *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195:

> "[A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement

may reasonably be innocently interpreted *** it cannot be actionable *per se.*"

■ In the case at bar, plaintiff does not set forth any detail concerning the context of the allegedly slanderous questions. These questions could be taken as seeking information: defendant, an investigator, needs to know what other evidence he should look for in order to convince his employer that he has found the criminal. Without any further indication of the context, we cannot say that defendant's questions necessarily imply that plaintiff is guilty. Therefore, we agree with the trial court's determination that, under the *Chapski* rule, it can reasonably be said that defendant's alleged questions were harmless.

■ Plaintiff argues that he should be granted leave to amend count III of his complaint, so that he can more fully show the context of the allegedly slanderous questions. The trial court denied the request, noting that it has already allowed plaintiff leave to file three amended complaints. We can reverse the trial court's decision, refusing to grant leave to amend only if we find that the trial court abused its discretion. (*Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 285, 170 N.E.2d 147, *cert. denied* (1961), 365 U.S. 879, 6 L. Ed. 2d 191, 81 S. Ct. 1029.) We find no abuse of discretion in this case, where plaintiff has failed to state a cause of action for slander in his four complaints. Therefore, we affirm the trial court order dismissing count III of the third amended complaint. Since count IV only seeks punitive damages for the slander alleged in count III, we also affirm the dismissal of count IV.

In sum, we affirm the trial court decision to dismiss counts III and IV of plaintiff's third amended complaint, we reverse the decision to dismiss counts I and II, and we remand this case for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

McNAMARA and RIZZI, JJ., concur.