Beverly BOWERS, Plaintiff,

v.

RADIOLOGICAL SOCIETY OF NORTH AMERICA, INC. and Dana Davis, individually, Defendants.

No. 98 C 7431.

United States District Court, N.D. Illinois, Eastern Division.

July 22, 1999.

---

Penny Nathan Kahan, Penny Nathan Kahan and Associates, Ltd., Chicago, IL, Elena M. Dimopoulos, Law Offices of Edward T. Stein, Chicago, IL, for Beverly Bowers, plaintiff.

Michael G. Cleveland, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Beverly Bowers, brought this action against her former employer, the Radiological Society of North America, Inc., [the "Radiological Society"], and her former manager, Dana Davis, alleging sex-

ual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and tortious interference with business expectancy. The defendants move to dismiss on various grounds. For the following reasons, the motion to dismiss is granted in part and denied in part.

*Background*[1]

Beverly Bowers was recruited by Dana Davis, the assistant executive director of the Radiological Society, for the position of manager in the office of research development at the Radiological Society. Ms. Davis had previously made sexual advances toward Ms. Bowers while they were both working for the American School Health Association, and Ms. Davis assured Ms. Bowers that this would not happen at the Radiological Society. After moving to the Chicago area for the position with the Radiological Society, Ms. Bowers stayed with Ms. Davis and another co-worker in Ms. Davis' townhouse. During this time Ms. Davis again made advances toward Ms. Bowers, which Ms. Bowers rejected. In May 1995 Ms. Bowers moved out of the townhouse.

After Ms. Bowers rejected the advances, Ms. Davis avoided interacting with her and in June 1995 gave her a performance review that Ms. Bowers thought was unfairly negative. When Ms. Bowers tried to discuss the review with Ms. Davis, Ms. Davis became angry and told Ms. Bowers she needed to learn to get along with her. In July 1995, Ms. Davis replaced Ms. Bowers with a male employee who was less qualified. Ms. Bowers continued to work at the Radiological Society in the office of research development, and in January 1997 Ms. Davis gave Ms. Bowers another performance evaluation that Ms. Bowers felt was unfair. Ms. Bowers did not complain

because of the previous, negative response. In August 1997, Ms. Davis discouraged Ms. Bowers from applying for the position of assistant director of the office of research development, a position that Ms. Bowers had just created. In February 1998 Ms. Bowers was discharged, on the ground that her position was going to be eliminated.[2]

The complaint alleges that Ms. Davis created a hostile and abusive work environment by verbal and physical conduct, that she encouraged her subordinates to engage in offensive behavior, and that she made disparaging remarks about sexual harassment. The complaint further alleges that the Radiological Society was aware of the conduct and failed to take corrective action. Count I of the complaint alleges that Ms. Bowers was subjected to a hostile work environment and quid pro quo sexual harassment. Count II alleges retaliation, and count III alleges tortious interference with business expectancy. The defendants move to dismiss the complaint.

*Motion to Dismiss Count I*

The defendants first argue that the bulk of the allegations in count I are untimely. Under Title VII, a charge of employment discrimination must be filed within 300 days of the alleged violation, or the claims are barred. *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir.1997) Ms. Bowers filed her EEOC charge on May 1, 1998, and the defendants argue that any allegations regarding events that took place before July 5, 1997 are time-barred.

Ms. Bowers relies on the continuing violation doctrine to bring her claims within the applicable time period. Specifically, Ms. Bowers argues that she realized she was a victim of discrimination

---

1. The background facts are taken from the complaint. When evaluating a motion to dismiss, I must take all well-pleaded factual allegations as true. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir.1991).

2. It is unclear from the complaint exactly what Ms. Bowers' position was after she was replaced as manager of the office of research and development. The complaint alleges that in January 1998 Ms. Bowers' title was changed from database manager to manager of the office of research development.

only after a series of actions took place. In such a situation, the 300–day filing period begins to run when the plaintiff knew, or with the exercise of due diligence should have known, of the discrimination. *Jones v. Merchants Nat'l Bank & Trust Co. of Indianapolis*, 42 F.3d 1054, 1058 (7th Cir. 1994). The purpose of allowing a plaintiff to bring an action under the continuing violation doctrine "is to permit the inclusion of acts whose character as discriminatory acts was not apparent at the time they occurred." *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 446 (7th Cir.1994). Ms. Bowers alleges in the complaint that, throughout her employment with the Radiological Society, she was subjected to various forms of sexual harassment. Whether Ms. Bowers knew or should have known that the acts of which she complains were discriminatory at the time they occurred cannot be determined on a motion to dismiss. It is therefore premature to determine whether allegations relating to events before July 5, 1997 are untimely.

■■■ The defendants next argue that the allegations relating to the replacement of Ms. Bowers with David Laubert in the position of manager of the office of research development are outside the scope of the EEOC charge and should be stricken from the complaint. A plaintiff may include a claim in a federal complaint that was not brought in charges filed with the EEOC if a two-prong test is satisfied: "(1) the claim is like or reasonably related to the EEOC charges, and (2) the claim in the complaint reasonably could develop from the EEOC investigation into the original charges." *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir.1995). A claim is reasonably related to allegations in an EEOC charge if a factual relationship exits. *Id.* at 148. "This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals.*" *Id.* (quoting *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir.1994)).

According to Ms. Bowers' EEOC charge, she was employed by the Radiological Society as a manager of the office of research development from November 1994 until February 1998. The EEOC charge does not mention that she was ever replaced in her position, much less that she was replaced by Mr. Laubert, a male with fewer qualifications. Allowing Ms. Bowers to bring this claim in federal court "would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek*, 31 F.3d at 500. Because Ms. Bowers' EEOC charge does not mention that she was replaced in her position as manager or implicate Mr. Laubert, the allegations in the complaint involving her replacement with Mr. Laubert are outside the EEOC charge and are stricken from the complaint.

■■■ The defendants next argue that Ms. Bowers has complained of conduct by Ms. Davis that does not constitute adverse employment action. First, the defendants object to the allegation that Ms. Bowers received unfair performance reviews. In support of their argument defendants cite *Smart v. Ball State Univ.*, 89 F.3d 437 (7th Cir.1996). In *Smart*, the Seventh Circuit held that negative performance evaluations standing alone cannot constitute adverse employment action. *Id.* at 442–43. The court distinguished cases where negative reviews were not the sole claimed adverse action. *Id.* at 442. Ms. Bowers has alleged that as a result of the harassment, she was discharged. Therefore, although the negative reviews standing alone do not constitute adverse action, the complaint sufficiently alleges adverse action. The defendants also object to the allegation that Ms. Bowers was discouraged from applying for the position of assistant director of the office of research development. Looking at the facts in the light most favorable to Ms. Bowers, however, the complaint alleges that Ms. Bowers was discouraged from applying for a viable position within the office of research develop-

ment when her own position was being eliminated; she was then discharged. These allegations are sufficient to survive the defendant's motion to dismiss.[3]

The defendants further argue that count I should be dismissed because Ms. Bowers has failed to allege a nexus between the sexual harassment and her termination. The complaint, however, alleges that as a result of the harassment by Ms. Davis, Ms. Bowers was discharged. The exact circumstances of the discharge, and the true reasons behind the discharge, cannot be determined on a motion to dismiss. The complaint sufficiently alleges causation, and it is premature to dismiss count I in its entirety.

### Motion to Dismiss Count II

In count II, Ms. Bowers alleges that she was retaliated against for rejecting Ms. Davis' sexual advances and for refusing to participate in the hostile work environment. To state a claim for retaliation, Ms. Bowers must allege 1) that she was engaged in statutorily protected activity, 2) that she suffered an adverse employment action, and 3) that there is a causal link between the protected activity and the adverse action. *Brenner v. Brown*, 36 F.3d 18, 19 (7th Cir.1994).

The defendants first argue that Ms. Bowers has not alleged that she was engaged in protected activity. Under 42 U.S.C. § 2000e–3(a), a plaintiff may bring a claim for retaliation for protesting an unlawful employment practice under Title VII, for filing a complaint or charge regarding the unlawful employment practice, or for participating in an investigation regarding the unlawful employment practice. Opposition clearly includes filing a charge with the EEOC, bringing a lawsuit in court, or submitting a complaint to management. Informal methods of opposition can also constitute protected activity. *See,*

*e.g., Alexander v. Gerhardt Enters.*, 40 F.3d 187, 195 (7th Cir.1994) (sending a "professional and noninflammatory memorandum" to management is sufficient for a retaliation claim). Ms. Bowers, however, has not alleged that she engaged in any form of opposition. Instead, she alleges that she refused Ms. Davis' advances and that she did not participate in the conduct. *See Finley v. Rodman & Renshaw, Inc.*, 1993 WL 512608, *3 (N.D.Ill.1993) (holding that refusal of advances falls under a sexual harassment claim rather than a retaliation claim).

Ms. Davis argues that nonetheless she should be given the opportunity to develop her retaliation claim. In the EEOC charge, however, Ms. Bowers alleged that she was subject to sexual harassment, not retaliation. The EEOC charge contains no factual allegations that would indicate she was retaliated against for opposing unlawful employment practices; instead, it alleges that she was selected for discharge because she rejected Ms. Davis' advances and because she would not participate in the conduct. Although the EEOC charge states that Ms. Bowers told Ms. Davis she was not interested in a sexual relationship, the charge does not allege that Ms. Bowers complained to anyone, including Ms. Davis. Ms. Bowers' argument fails accordingly, for further details she might allege would implicate conduct outside that which was described in her EEOC charge. Therefore the defendants' motion to dismiss count II is granted.

### Motion to Dismiss Count III

The defendants move to dismiss count III for lack of subject matter jurisdiction and for failure to state a claim. In count III, Ms. Bowers alleges that she had an employment contract, or in the alternative a continuing employment relationship, with which Ms. Davis interfered. To establish intentional interference with a contract, Ms. Bowers must show 1) a valid

---

**3.** Defendants also object to the allegations in the complaint regarding Ms. Davis' encouragement of drinking. Ms. Bowers concedes that such conduct is not actionable under Title VII.

contract, 2) that Ms. Davis was aware of the contract; 3) Ms. Davis' intentional and unjustified inducement of a breach; 4) a subsequent breach caused by Ms. Davis' wrongful conduct; and 5) resulting damages. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,* 131 Ill.2d 145, 545 N.E.2d 672, 676, 137 Ill.Dec. 19, 23 (1989). To establish a tortious interference claim, Ms. Bowers must show 1) the reasonable expectation of a valid business relationship; 2) that Ms. Davis knew of the expectancy; 3) that Ms. Davis purposefully prevented the expectancy from ripening; and 4) resulting damages. *Fellhauer v. City of Geneva,* 142 Ill.2d 495, 568 N.E.2d 870, 878, 154 Ill.Dec. 649, 657 (1991).

 As Ms. Bowers' manager, Ms. Davis is protected by a qualified privilege. *See Hamros v. Bethany Homes & Methodist Hosp. of Chicago,* 894 F.Supp. 1176, 1181 (N.D.Ill.1995) (recognizing qualified privilege for manager of human resources department); *Vajda v. Arthur Andersen & Co.,* 253 Ill.App.3d 345, 624 N.E.2d 1343, 1351–52, 191 Ill.Dec. 965, 973–74 (1st Dist. 1993) (recognizing qualified privilege for partner who evaluated plaintiff's performance); *Stewart v. Ost,* 142 Ill.App.3d 373, 491 N.E.2d 1306, 96 Ill.Dec. 846 (1st Dist. 1986) (recognizing qualified privilege for co-worker). It is therefore part of Ms. Bowers' prima facie case to show that Ms. Davis' actions were unjustified or malicious, regardless of whether her claim is for interference with an existing contract or a prospective economic advantage. *Fellhauer,* 568 N.E.2d at 878, 154 Ill.Dec. at 657. "The term 'malicious,' in the context of interference with contractual relations cases, simply means that the interference must have been intentional and without justification." *HPI Health Care,* 545 N.E.2d at 677, 137 Ill.Dec. at 24.

 The complaint alleges that Ms. Davis was motivated to interfere with Ms. Bowers' employment by a malicious purpose other than the Radiological Society's interest, and that Ms. Davis had strong personal animosity toward Ms. Bowers.

The only purpose alleged in the complaint for Ms. Davis' actions, however, is sexual harassment. Pursuant to the Illinois Human Rights Act ["IHRA"], "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in [the IHRA]." 775 ILCS § 5/8–111(C). Sexual harassment is a civil rights violation. 775 ILCS § 5/2–102(D). A court has jurisdiction over a tort claim only if the claim is not "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself." *Maksimovic v. Tsogalis,* 177 Ill.2d 511, 687 N.E.2d 21, 23, 227 Ill.Dec. 98, 100 (1997) This means that a plaintiff must "establish the necessary elements of the tort independent of any legal duties created by the [IHRA]." *Id.* at 24, 227 Ill.Dec. at 101.

Based on the allegations in the complaint, Ms. Davis' interference with Ms. Bowers' contract or business expectation was wrongful and unjustified because it was conduct prohibited by the IHRA, sexual harassment. Since the complaint does not adequately allege each element of Ms. Bowers' tort claim without relying on a legal duty created by the IHRA, the defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

### Conclusion

For the reasons discussed above, the defendants' motion to dismiss count I is denied, but allegations relating to Ms. Bowers' replacement with David Laubert are stricken because they are outside the scope of the EEOC charge. The defendants' motion to dismiss count II is granted for failure to state a claim, and the motion to dismiss count III is granted for lack of subject matter jurisdiction.