George E. Cowper, Plaintiff-Appellee, v. Paul H. Vannier, Defendant-Appellant.

Gen. No. 10,199.

Third District.

February 17, 1959.

Rehearing denied March 30, 1959.

Released for publication March 30, 1959.

Hutchens and Mann, of Winchester, and Hershey & Bliss, of Taylorville (Richard G. Hershey, of counsel) for defendant-appellant.

L. Allan Watt, of Winchester, for plaintiff-appellee.

JUDGE CARROLL delivered the opinion of the court.

This is an action to recover damages for the publication of an alleged libel.

The cause was tried by a jury and resulted in a verdict of $6,000 for plaintiff. A motion for a new trial was denied and defendant has appealed.

Defendant edits and publishes a weekly newspaper called The Bluffs Times. The alleged libelous matter was published in said newspaper on July 25, 1956 as part of an account of a meeting of the Scott County Board of School Trustees, of which plaintiff was a member, and is as follows: "One board member, Cowper of Glasgow, was absent. If he is permitted to vote, (Mr. Cowper is recovering from a mental illness) we understand the voting will be delayed until all the testimony can be transcribed and digested."

The parties are in agreement that the paramount issue presented is whether the publication complained of is libelous per se.

A libel, according to the generally accepted definition, is a malicious publication, expressed either

500

in writing or printing, or by signs and pictures, tending to blacken the memory of one who is dead, or the reputation of one who is living and expose him to public hatred, contempt or ridicule. 33 Am. Jur. Libel and Slander, Sec. 3.

 The rule is, that written or printed words are libelous per se, if clearly defamatory on their face and are unambiguous and incapable of an innocent meaning. Dowie v. Priddle, 216 Ill. 553; White v. Bourquin, 204 Ill. App. 83; Dilling v. Illinois Publishing & Printing Co., 340 Ill. App. 303. If the words are libelous per se, it is not necessary to allege or prove special damages, as both malice and damages are presumed. White v. Bourquin, supra. Where the words are ambiguous or equivocal in meaning, the question of the meaning to be ascribed to them is for the jury. Ogren v. Rockford Star Printing Co., 288 Ill. 405.

The article, in which the words concerning plaintiff appear, bears the heading "Many Local Citizens Witness School Hearing." In addition to some general comment on the hearing, the article gives the names of the witnesses who appeared and a brief account of their testimony. It then, in substance, recites that when the trustees retired to deliberate, after hearing the testimony, only two board members, Merriman and Smith, were ready to vote and that they were dismissed to report back the following night at 6:00 o'clock. The article then concludes with the paragraph which contains the statement that "Mr. Cowper is recovering from a mental illness."

 There appears to be unanimity of agreement among the authorities that a publication imputing insanity or impairment of mental faculties is libelous per se. 53 C. J. S. Libel and Slander, Sec. 25; 66 A. L. R., 1257 (note). The basis for such holding is the ridicule or contempt involved in such a charge which

may tend to deprive the person, so charged, of his right of social intercourse. 33 Am. Jur. Libel and Slander, Sec. 51.

The defendant contends that according to its dictionary definition, illness is "disease, indisposition, sickness" and is descriptive of no particular disease or ailment; that when prefixed with the word "mental" it could refer to a nervous breakdown or numerous other ailments which affect the mind; and that since persons thus afflicted do recover without impairment of their mental faculties, the term "mental illness" is capable of an innocent meaning and thus not free from ambiguity.

■ The crux of the problem presented by this appeal is the meaning which the ordinary reader would attach to the words "Mr. Cowper is recovering from a mental illness" as the same were used in the defendant's publication. Hotz v. Alton Telegraph Printing Co., 324 Ill. App. 1; LaGrange Press v. Citizen Pub. Co., 252 Ill. App. 482. While the hypothetical situation posed by defendant may warrant the conclusion that recovery from mental illness is achieved in many cases, it does not follow that an ordinary and reasonable person reading that "Mr. Cowper is recovering from a mental illness" would not take the same to mean that plaintiff's mental faculties were impaired. The unqualified statement that plaintiff is recovering from a mental illness is a parenthetic phrase and is preceded by the following: "One board member, Cowper of Glasgow, was absent. If he is permitted to vote." A parenthesis is defined in the dictionary as "a word or sentence by way of comment or explanation, inserted in or attached to a sentence grammatically complete without it." The only purpose which the parenthesis could serve in the sentence in which it was inserted, is to explain the reason for the possibility that plaintiff might not be permitted to vote. The explanation given

was that plaintiff was recovering from a mental illness. Such conclusion is emphasized by the fact that nowhere else in the article is there suggested any other reason why plaintiff would not be entitled to vote. We think the ordinary, intelligent person reading the article would conclude that plaintiff might not be allowed to vote because of his mental condition. Thus the imputation is clear that plaintiff might be disqualified as a voting member of the board because of an impairment of his mental faculties.

■ We are unable to agree with defendant's contention that in order to sustain the judgment in this case, the court must hold that a charge of mental illness is the same as that of insanity. The degree of mental illness suggested by the publication is not the decisive factor in determining whether the words used are libelous and this court is not concerned with the technical distinction between insanity and mental illness. The gravamen of the offense of libel is the injurious effect created in the mind of the reader by the printed words. If the printed words are such as to cause the person of whom they are spoken, to be shunned or avoided by his neighbors and acquaintances, they are libelous per se. Unfortunate as it may be, there is no escaping the fact that persons reputed to be of unsound mind are denied the confidence and respect which all right thinking men normally accord their fellow members of society. The statement that a person is recovering from a mental illness, would seem to be clear and unequivocal and taken in its generally accepted meaning, carries the imputation that such person is not mentally sound.

■ Accordingly, it is our opinion, that the words published of and concerning plaintiff, are not reasonably susceptible of an innocent meaning and the trial court did not err in holding the same to be actionable per se.

503

In view of the conclusion reached, consideration of other errors assigned becomes unnecessary.

For the reasons indicated herein, the judgment of the Circuit Court of Scott County is affirmed.

Affirmed.

ROETH, P. J. and REYNOLDS, J., concur.