CARMEL POWERS, Plaintiff-Appellant, v. DELNOR HOSPITAL *et al.*, Defendants-Appellees.

Second District    No. 2—85—0593

Opinion filed October 20, 1986.

Dan Walker, Jr., of Oak Brook, for appellant.

Ralph A. Morris and Michael F. Dolan, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Carmel Powers, appeals from a summary judgment granted in favor of the defendant, Sandy Fitzmaurice, on count II of plaintiff's complaint, sounding in defamation. Plaintiff contends that summary judgment was improper because (1) the statements in the notice of her discharge made by defendant were defamatory as a matter of law, and (2) there is a disputed question of fact as to whether the statements in the notice were privileged.

Plaintiff originally filed a four-count complaint against Delnor Hospital and two of its employees in connection with her discharge as an emergency-room nurse on April 25, 1983. The circuit court dismissed counts I, III and IV, and, in an earlier appeal, this court affirmed the dismissal of count III and remanded count I. *Powers v.*

*Delnor Hospital* (1985), 135 Ill. App. 3d 317, 481 N.E.2d 968.

In count II of her complaint, plaintiff alleged that Fitzmaurice, who was plaintiff's supervisor, submitted a written notice of disciplinary action to Jack Taft, the hospital's chief administrator, recommending plaintiff's discharge; that as a result plaintiff was discharged; that the reasons for the discharge set forth in the notice were false; and that defendant knew or should have known they were false. The bases for plaintiff's recommended discharge as stated in the notice were:

"The continuous dissatisfaction that Carmel [plaintiff] has indicated in both written communications and verbally, regarding personnell [*sic*] policies and procedures, as well as the continued friction and tension created within the department because of her expressed attitudes and feelings about the nursing profession and her peers make continued employment impossible."

Defendant moved for summary judgment, in support of which she submitted her own affidavit and that of Shirley Smith, director of nursing at Delnor Hospital. In response plaintiff submitted her affidavit and deposition testimony and defendant's deposition testimony, including exhibits consisting of plaintiff's employee evaluations, correspondence, and defendant's notes of incidents involving the plaintiff. On granting summary judgment in favor of the defendant, the circuit court found that there were no disputed issues of fact regarding privilege or malice.

■ Summary judgment should be granted only if the pleadings, affidavits, and depositions on file reveal that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005; *Murphy v. Urso* (1981), 88 Ill. 2d 444, 463-64, 430 N.E.2d 1079; *Kroll v. Sugar Supply Corp.* (1983), 116 Ill. App. 3d 969, 975, 452 N.E.2d 649, *appeal denied* (1983), 96 Ill. 2d 560.) In deciding such a motion, the trial court must construe any evidence in support of it strictly against the movant and liberally in favor of the opponent. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 398, 415 N.E.2d 397; *Chapman v. Hosek* (1985), 131 Ill. App. 3d 180, 186, 475 N.E.2d 593.) If any facts upon which reasonable persons may disagree are identified, or any inferences therefrom, the circuit court must deny the motion for summary judgment and direct that the resolution of those facts and inferences be made at trial. *Montes v. Hawkins* (1984), 126 Ill. App. 3d 419, 423, 466 N.E.2d 1271; *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.* (1979), 74 Ill. App. 3d 778, 794, 392 N.E.2d 1352, *aff'd* (1981), 85 Ill. 2d 161, 421 N.E.2d 864.

In moving for summary judgment, defendant argued that the notice of discharge was nonactionable as a matter of law under the innocent-construction rule and now urges that the court's order be affirmed on this basis. Plaintiff contends that the notice was defamatory *per se*, as it disparaged plaintiff in her profession or trade.

A statement may be actionable *per se* if it imputes an inability to perform the duties of office or employment or prejudices a person in his profession. (*Owen v. Carr* (1986), 113 Ill. 2d 273; *Coursey v. Greater Niles Township Publishing Corp.* (1968), 40 Ill. 2d 257, 261, 239 N.E.2d 837; *Angelo v. Brenner* (1980), 84 Ill. App. 3d 594, 598, 406 N.E.2d 38, *appeal denied* (1980), 81 Ill. 2d 588.) Whether the particular language used is defamatory *per se* is a question of law to be determined by the court, and in making that determination, courts apply the "innocent construction" rule. (*Owen v. Carr* (1986), 113 Ill. 2d 273; *Heying v. Simonaitis* (1984), 126 Ill. App. 3d 157, 164, 466 N.E.2d 1137.) Under the rule, when the statement is considered in context and the words and implications therefrom are given their natural and obvious meaning, if the statement may reasonably be innocently interpreted, it cannot be actionable *per se*. (*Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195; *Erickson v. Aetna Life & Casualty Co.* (1984), 127 Ill. App. 3d 753, 759, 469 N.E.2d 679, *appeal denied* (1985), 101 Ill. 2d 589.) Not every expression of opinion touching on a person's capabilities or qualifications is defamatory. *Kakuris v. Klein* (1980), 88 Ill. App. 3d 597, 600, 410 N.E.2d 984, *appeal denied* (1981), 82 Ill. 2d 584.

Plaintiff interprets the notice of discharge as a statement that she was incapable of performing her profession as a nurse. Defendant, however, construes the notice as a recital of plaintiff's personality conflicts, which would be nonactionable under *Heying v. Simonaitis* (1984), 126 Ill. App. 3d 157, 466 N.E.2d 1137, because it does not impute a lack of integrity or capacity in plaintiff's profession. In *Heying* a nurse brought an action for slander against two physicians who had commented that personality conflicts involving the plaintiff had created unrest among the staff. The appellate court concluded that since the comments did not address plaintiff's ability as a nurse they were not defamatory *per se*. 126 Ill. App. 3d 157, 165, 466 N.E.2d 1137.

In the present case we conclude that a reading of the disputed statement as nonactionable *per se* is reasonable under the innocent-construction rule because it is directed to plaintiff's relationship with her co-workers and does not pertain to her knowledge and ability to care for patients as a nurse.

■ Even if the statement were considered to be actionable as defamation *per quod*, we would affirm the summary judgment on the ground that there was no factual question as to whether the statements were privileged. Defamatory statements may be conditionally privileged if motivated by a legitimate business interest *(Edwards v. University of Chicago Hospitals & Clinics* (1985), 137 Ill. App. 3d 485, 489-90, 484 N.E.2d 1100, *appeal denied* (1986), 111 Ill. 2d 567), but the privilege is lost upon proof of malice, that is, knowledge that the statements were false or made with a reckless disregard of their falsity. *Allen v. Ali* (1982), 105 Ill. App. 3d 887, 891, 435 N.E.2d 167; *Ramsey v. Greenwald* (1980), 91 Ill. App. 3d 855, 863, 414 N.E.2d 1266.

The parties to this appeal agree that the statement in question was conditionally privileged, as it was made in the course of defendant's duties as plaintiff's supervisor (see *Colson v. Stieg* (1982), 89 Ill. 2d 205, 433 N.E.2d 246; *Beauvoir v. Rush-Presbyterian-St. Luke's Medical Center* (1985), 137 Ill. App. 3d 294, 484 N.E.2d 841); however, they differ as to whether defendant abused the privilege by acting maliciously.

Plaintiff advances several arguments to support a finding of malice on defendant's part. First, she points out that on two separate occasions defendant articulated other reasons for plaintiff's discharge, from which, she argues, it can be inferred that defendant knowingly set forth false reasons in the written notice. Specifically, defendant made a statement at plaintiff's unemployment hearing to the effect that plaintiff had been discharged because of an incident involving a doctor. On another occasion defendant informed Jack Taft that plaintiff had invoked the grievance procedure regarding this incident and would have to be discharged.

■ In ascertaining the existence of malice, the proper focus is on the alleged defamatory statement, not on other utterances; other statements made by the defendant relating to plaintiff's discharge would not be relevant to defendant's intentions in making the statement in question. Moreover, plaintiff is not entitled to an incident-by-incident specification of the reasons for her discharge. Given plaintiff's history of conflicts with other hospital personnel, as shown by the record, the notice of discharge was a reasonable summary of why plaintiff was discharged and may not be read merely as a malicious statement by the defendant.

Plaintiff also contends that defendant had no basis for stating that plaintiff had expressed continuous dissatisfaction with hospital policy and procedure; however, the deposition and exhibits submitted

are replete with evidence of plaintiff's expressions of dissatisfaction. Plaintiff admitted that she voiced dissent over the nurses' dress code, pay scale and assignments. She also admitted to an on-going dispute with her supervisors over the removal of a disciplinary action from her file. Plaintiff argues that defendant knew that the reference to friction between plaintiff and her peers was false; however, plaintiff admitted that defendant informed her of complaints from her co-workers and that she had been present at a unit meeting where her peers articulated their complaints against her.

■ Although plaintiff contends that there was a factual dispute as to malice on defendant's part, no genuine factual dispute is apparent from the record, and defendant was entitled to summary judgment as a matter of law.

Accordingly, the order of the circuit court granting summary judgment in favor of the defendant is affirmed.

Affirmed.

STROUSE and WOODWARD, JJ., concur.