OPINION OF THE COURT
David B. Saxe, J.
This action between a former bank vice-president and his former employer, the Park Avenue Bank (the Bank), raises, inter alia, the issue of whether a "golden parachute” provision in a bank officer’s employment contract violates the National Bank Act provision that a bank may dismiss its officers "at pleasure”.
On August 26, 1987, the plaintiff and the Bank entered into a written employment agreement (the Agreement) by which *1044 plaintiff was employed by the Bank as executive vice-president and deputy to the chief executive officer, at an annual salary of $110,000. The Agreement further provided that if plaintiff’s employment was terminated for any reason other than cause over the next two years, he would be paid $110,000 over a period of 12 months.
The plaintiff alleges in his first cause of action that since October 1988, the Bank engaged in various actions which "have repeatedly impeded the ability of plaintiff to perform his duties under the employment agreement.” The actions referred to include the Bank’s termination of the chief executive officer and the nomination of a replacement who allegedly is unqualified, and the failure by the Bank to approve business plans proposed by plaintiff to raise additional capital for the Bank. Plaintiff claims that due to the Bank’s breach of its obligations under the Agreement, he could not perform his obligations and was effectively terminated without cause on February 14, 1989. Thus, he contends that he is entitled to $110,000 pursuant to the Agreement.
With regard to the defendants’ motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]), it seldom is granted unless the moving papers conclusively establish that plaintiff does not have a cause of action (Bassett Hosp. v Hospital Plan, 89 AD2d 240; Rovello v Orofino Realty Co., 40 NY2d 633).
Defendant argues that the "golden parachute” provision in the Agreement which provides that the Bank pay one year’s salary to plaintiff over a period of 12 months in the event plaintiff is terminated without cause violates Federal law (12 USC §24). That section of the National Bank Act provides that a national banking association shall have the power "[t]o elect or appoint directors, and by its board of directors to appoint a president, vice president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places” (12 USC §24 [Fifth] [emphasis added]). The Bank argues that the phrase "at pleasure” allows the board of directors to dismiss officers without incurring any liability, and without any hindrance or restriction, and that the liquidated damages clause in the Agreement impermissibly limits the Bank’s ability to terminate the employment of its officers. The Bank cites various cases in support of its assertion, most notably the First Department decision in Copeland v Melrose Natl. Bank (229 App Div 311, *1045 affd 254 NY 632 [1930]), in which the court dismissed the complaint finding that a liquidated damages provision circumvents the Federal policy outlined in 12 USC § 24.
In opposition to the Bank’s claim, plaintiff argues that a regulation enacted by the Comptroller of the Currency in 1971 (12 CFR 7.5220), pursuant to paragraph (Fifth) of 12 USC § 24, which provides that directors of a national bank "may enter into employment contracts with its officers and employees upon reasonable terms and conditions”, effectively overrules the holding in Copeland (supra). Plaintiff further urges that the other decisions relied upon by defendant are not on point since they address the issue of whether a national bank has the power to discharge an employee before the end of a definite term, rather than whether the agreement to pay severance pay upon dismissal is a "reasonable term and condition” of an agreement.
The issue of whether a national bank may enter into employment contracts of definite duration and, therefore, may be held liable for wrongful discharge has been addressed by several courts since the National Bank Act was enacted during the Civil War. The provision of the National Bank Act providing for the dismissal of officers at the pleasure of the Bank has been consistently interpreted to allow a national bank to discharge an officer without incurring liability for breach of contract or wrongful termination (see, Alfano v First Natl. Bank, 111 AD2d 960; Kemper v First Natl. Bank, 94 Ill App 3d 169, 418 NE2d 819). However, the cases cited by defendant which were decided after the 1971 regulations were enacted are silent as to the Bank’s assertion that an agreement providing for severance pay upon dismissal without cause violates Federal law.
In construing a Federal statute, one must assume the ordinary meaning of the language employed by Congress if the language is clearly expressed (Mills Music v Snyder, 469 US 153 [1985]).
However, if the statute is ambiguous or of doubtful construction, it is appropriate to refer to a clarifying regulation (Koshland v Helvering, 298 US 441 [1936]). 12 CFR 7.5220 which empowers a national bank to enter into reasonable employment contracts with its officers has been consistently upheld since its enactment in 1971, and, therefore should be given great weight (Koshland v Helvering, supra).
This case does not involve an action based upon wrongful *1046 termination. It is undisputed that the Bank was entirely free at any time to terminate plaintiffs employment without risking liability for wrongful discharge or breach of contract based upon the termination. Therefore, I reject defendant’s argument that agreements in which bank officers accept pecuniary consideration upon dismissal "bargain away [a bank’s] right, granted by statute, to discharge [its] officers 'at pleasure’ ” (Kemper v First Natl. Bank, supra, 94 Ill App 3d, at 171, 418 NE2d, at 821). I conclude that the golden parachute provision is a proper component of the parties’ contract.
Insofar as the defendants seek to dismiss the first cause of action, their motion is denied.
[Portions of opinion omitted for purposes of publication.]