RUSSELL H. EWERT, Plaintiff-Appellee, v. DREXEL NATIONAL BANK, Defendant-Appellant.

First District (5th Division) No. 1—93—4585

Opinion filed April 13, 1995.

Rudnick & Wolfe, of Chicago (Adrianne C. Mazura and Sally J. McDonald, of counsel), for appellant.

Winston & Strawn, of Chicago (William G. Miossi, of counsel), for appellee.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Defendant, Drexel National Bank, appeals from the trial court's order of November 18, 1993, which granted plaintiff, Russell H. Ewert, an award of prejudgment interest in the amount of $8,954.70 as well as post-judgment interest on a prior judgment awarding plaintiff $80,000 in damages in connection with plaintiff's claim against defendant for breach of an employment agreement signed by the parties. On appeal, defendant contends that because the National Bank Act provides that the board of directors of a national banking association organization may discharge its officers "at pleasure" (see 12 U.S.C. § 24 (1982)), the employment agreement which restricts defendant's ability to discharge plaintiff without incurring liability is void and unenforceable and, as a result, the trial court erred in determining that plaintiff, under the employment agreement, may recover for be-

ing terminated from his employment before the expiration of the three-year agreed-upon tenure of employment with defendant.

We affirm.

BACKGROUND

Defendant is a national banking organization organized under the laws of the United States with its principal place of business in Chicago, Illinois. Plaintiff was appointed to the position of president and chief operating officer of defendant by defendant's board of directors. On February 9, 1989, plaintiff and defendant signed an "employment agreement" which provided that plaintiff would be employed by defendant in that position for a three-year term at a salary of at least $100,000 per year. The agreement permitted defendant to unilaterally terminate plaintiff's employment at any time and for any reason upon written notice. However, the agreement also contained a severance agreement which provided that if defendant terminated plaintiff's employment before the end of the agreed-upon three-year tenure, such termination would not affect defendant's obligation to continue to pay plaintiff his salary for the remaining period of the agreement and defendant would be obligated to pay plaintiff severance benefits equal in amount to plaintiff's salary under the agreement.

On April 25, 1989, defendant informed plaintiff by letter that his employment was terminated. From May 1989 until April 1991, in accordance with its obligation under the severance agreement, defendant paid plaintiff semi-monthly severance benefits equal to plaintiff's salary under the employment agreement. In or around April 1981, defendant's attorney advised plaintiff that defendant would no longer pay plaintiff severance benefits under the severance agreement. Thereafter, defendant ceased paying plaintiff such benefits.

On March 12, 1992, plaintiff filed a complaint against defendant seeking recovery for loss of severance benefits based on the following legal theories: (1) breach of contract; and, in the alternative, (2) promissory estoppel. On May 26, 1992, defendant filed an answer to the portion of plaintiff's complaint based on a breach of contract theory as well as a motion to dismiss the portion of plaintiff's complaint based on a promissory estoppel theory. In defendant's answer, defendant averred, as an affirmative defense, that because the National Bank Act provides that a national banking association organization has the power to dismiss its officers "at pleasure" (see 12 U.S.C. § 24 (1982)), the severance agreement is unenforceable and void to the extent that it forbids plaintiff's discharge except under penalty of compensating plaintiff for the full term of the agreement.

On June 15, 1992, plaintiff filed an answer to defendant's affirmative defense wherein plaintiff denied defendant's allegation that the National Bank Act (see 12 U.S.C. § 24 (1982)) renders unenforceable and void the parties' severance agreement to the extent that it forbids plaintiff's discharge except under penalty of compensating plaintiff for the full term of the agreement. On July 29, 1992, plaintiff filed a response to defendant's motion to dismiss the portion of plaintiff's complaint based on a theory of promissory estoppel. On August 5, 1992, defendant filed a response in support of its motion to dismiss the portion of plaintiff's complaint based on a promissory estoppel theory.

On November. 13, 1992, after a hearing on the matter, the trial court entered an order dismissing the portion of plaintiff's complaint based on a theory of promissory estoppel, but granted plaintiff leave to amend the pleading within 28 days.

On December 10, 1992, plaintiff filed an amended complaint which again alleged an action for breach of contract and further amended plaintiff's claim based on a theory of promissory estoppel. On January 11, 1993, defendant filed an answer to the portion of plaintiff's complaint asserting an action for breach of contract as well as a motion to dismiss the portion of plaintiff's amended complaint which asserted a cause of action based on a theory of promissory estoppel. In defendant's answer to the amended complaint, defendant again asserted as an affirmative defense that because the National Bank Act provides that a national banking association organization has the power to dismiss its officers "at pleasure" (see 12 U.S.C. § 24 (1982)), the severance agreement is unenforceable and void to the extent that it forbids plaintiff's discharge except under penalty of paying plaintiff compensation for the full term of the agreement.

Subsequently, on March 11, 1993, the trial court entered an order granting defendant's motion to dismiss the portion of plaintiff's amended complaint which sought recovery based on a promissory estoppel theory.

Thereafter, on May 10, 1993, plaintiff filed a motion for summary judgment claiming that the pleadings and discovery materials reveal that the material facts of the case were not in dispute and that plaintiff has been damaged in the amount of $80,000 and was entitled to prevail on his breach of contract claim as a matter of law. After extensions, on June 23, 1993, defendant filed a response to plaintiff's motion for summary judgment asserting that plaintiff's motion for summary judgment should be denied. On June 23, 1993, defendant also filed a motion for summary judgment wherein defendant claimed that the material facts are not in dispute and that, because the por-

tion of the parties' agreement which provides that defendant may only discharge plaintiff under penalty of compensating plaintiff for the full term of the agreement is contrary to and unenforceable under the National Bank Act (12 U.S.C. § 24 (1982)), defendant is entitled to judgment in its favor as a matter of law.

On July 9, 1993, plaintiff, in support of its motion for summary judgment, filed a reply to defendant's response to plaintiff's motion for summary judgment wherein plaintiff maintained that the National Bank Act (see 12 U.S.C. § 24 (1982)) and case law interpreting the statute establish that agreements for severance benefits such as those guaranteed to plaintiff under the parties' agreement do not conflict with the National Bank Act (see 12 U.S.C. § 24 (1982)) and are fully enforceable and, as a result, plaintiff's motion for summary judgment on its action for breach of contract should be granted.

Following some interim pleadings, defendant, on August 20, 1993, in support of its motion for summary judgment, filed a reply to plaintiff's response wherein defendant again maintained that the portion of the parties' agreement which forbids plaintiff's discharge except under penalty of compensating plaintiff for the full three-year term of the agreement is unenforceable because it runs contrary to the National Bank Act, which provides that officers of a national banking association organization may discharge its officers "at pleasure" (12 U.S.C. § 24 (1982)).

On September 16, 1993, after a hearing on the matter, the trial court stated its interpretation of the National Bank Act and issued the following ruling in this case:

> "[A] national bank can discharge an officer during his or her term without being subject to liability.
>
> I don't think that is the issue in this case. I think the issue in this case is whether the bank is responsible for living up to its obligations under the severance agreement. The severance agreement is set out in [s]ection 8 of the employment agreement of February 4, 1989. It has two exceptions in it, paragraph 7 and 8—B. 7 is death or disability. 8—B is for cause; cause being fraud, misappropriation, embezzlement, conviction of a felony, et cetera. It does not appear that either of those sections is involved in this case.
>
> I think the bank is responsible and is liable for its obligations under [s]ection 8 of the employment agreement. Therefore, I will grant the plaintiff's motion for summary judgment and deny the defendant's motion for summary judgment based on its interpretation of the federal banking law."

On October 15, 1993, plaintiff filed a motion requesting the trial court to modify its judgment of September 16, 1993, to include an

award of damages as requested in plaintiff's complaint as well as attorney fees and costs incurred in connection with the litigation.

On November 2, 1993, the trial court entered an order which: (1) entered a judgment of $80,000 in favor of plaintiff; (2) denied plaintiff's request for attorney fees; and (3) granted plaintiff leave to file a motion for a specific amount of prejudgment interest.

On November 9, 1993, plaintiff filed a motion for prejudgment interest. On November 18, 1993, the trial court entered an order which: (1) granted plaintiff's motion for prejudgment interest in the amount of $8,954.70; (2) awarded plaintiff post-judgment interest; and (3) determined that its judgment was final.

On December 17, 1993, defendant filed: (1) a notice of appeal from the trial court's final judgment of November 18, 1993, which: (a) granted plaintiff's motion for summary judgment; (b) denied defendant's motion for summary judgment; and (c) entered an award of damages and interest in favor of plaintiff; and (2) an emergency motion requesting the trial court to stay the enforcement of the trial court's judgment pending appeal and for an extension of time to file a bond. On December 17, 1993, the trial court entered an order which: (1) granted defendant's motion to stay the enforcement of the trial court's judgment pending appeal; and (2) granted defendant leave to secure a bond on or before December 22, 1993. Subsequently, in compliance with the trial court's order of December 17, 1993, defendant posted a proper bond for the full amount awarded to plaintiff.

OPINION

I

The sole issue which defendant raises on appeal is the propriety of the trial court's judgment in denying defendant's motion for summary judgment and in granting plaintiff's motion for summary judgment and entering a judgment which awarded damages and interest to plaintiff.

Defendant argues that the National Bank Act (see 12 U.S.C. § 24 (1982)), as interpreted by a wealth of case law (see *Marczak v. Drexel National Bank* (1989), 186 Ill. App. 3d 640, 647, 542 N.E.2d 787; *Kemper v. First National Bank* (1981), 94 Ill. App. 3d 169, 170-71, 418 N.E.2d 819 (and cases cited therein)), establishes the legal principle that the board of directors of a national bank has the absolute power to discharge an officer without incurring liability. Defendant also maintains that the severance agreement, by conditioning defendant's discharge of plaintiff upon the continuation of his salary, unlawfully restricts defendant's rights under the National Bank Act (see 12

U.S.C. § 24 (1982)) by having a "chilling effect" upon defendant's decision to discharge plaintiff. Defendant posits that even though a national bank may contract to employ an officer for a definite period of time, it may not bargain away its statutory right under the National Bank Act to discharge such officers "at pleasure" (see 12 U.S.C. § 24 (1982); *Kemper*, 94 Ill. App. 3d at 171) and, as a result, the portion of the parties' agreement which forbids defendant from terminating plaintiff without compensating plaintiff for the full term of the agreement contravenes the National Bank Act (see 12 U.S.C. § 24 (1982)) and is thus void and unenforceable as a matter of law.

In Illinois, a party may only be granted summary judgment where all of the pleadings, discovery materials, admissions, and all permissible inferences, analyzed in the light most favorable to the nonmoving party, so clearly favor the movant that no fair-minded individual could dispute the movant's right to judgment in his favor. (See *Lavat v. Fruin Colnon Corp.* (1992), 232 Ill. App. 3d 1013, 1022, 597 N.E.2d 888.) On appeal, the trial court's decision to grant summary judgment will be affirmed only if, after examining the record, there is no genuine issue as to any material fact and the movant was entitled to judgment as a matter of law. (See *Lavat*, 232 Ill. App. 3d at 1022.) Therefore, since the parties agree that the facts of this case are undisputed, we need only determine whether the trial court correctly determined that plaintiff was entitled to judgment as a matter of law on its claim for breach of contract. For the following reasons, we conclude that the trial court correctly determined that plaintiff was entitled to judgment as a matter of law on his claim for breach of contract based on the parties' severance agreement.

The relevant language of the National Bank Act provides, in pertinent part, that a national bank has the authority:

> "*by its board of directors to appoint a president,* vice-president, cashier, *and other officers,* define their duties, require bonds of them *** , *dismiss such officers or any of them at pleasure,* and appoint others to fill their places." (Emphasis added.) (12 U.S.C. § 24 (1982).)

In addition, we note that a current regulation promulgated pursuant to the National Bank Act provides:

> "The board of directors of a national bank, pursuant to *paragraph Fifth of 12 U.S.C. 24, may enter into employment contracts with its officers and employees upon reasonable terms and conditions.*" (Emphasis added.) 12 C.F.R. § 7.5220 (1971), 36 Fed. Reg. 17000.

This case appears to be a case of first impression in Illinois and we find no Illinois authority to support the position that the National

Bank Act renders unenforceable a written agreement providing for the continuation of severance pay equal in amount to a discharged officer's salary. It is true that, where an officer of a national bank is appointed and dismissed by a board of directors, the bank may dismiss the officer before the expiration of his stated tenure without incurring liability for wrongful discharge or breach of contract (see *Marczak*, 186 Ill. App. 3d at 647; *Kemper*, 94 Ill. App. 3d at 170-71). However, the 1971 regulation promulgated pursuant to the National Bank Act, which provides that "*a national bank \*\*\* may enter into employment contracts with its officers \*\*\* upon reasonable terms and conditions*" (emphasis added) (12 C.F.R. § 7.5220 (1971), 36 Fed. Reg. 17000), is in derogation of defendant's interpretation of the National Bank Act.

Defendant relies upon *Copeland v. Melrose National Bank* (1930), 254 N.Y. 632, 173 N.E. 898, wherein New York's highest court of appeals held as unenforceable under the National Bank Act (12 U.S.C. § 24 (1982)) a portion of a written employment agreement providing that in the event plaintiff was terminated before the end of his agreed-upon tenure, plaintiff should receive from defendant as liquidated damages a sum equal in amount to the compensation he would have received under the employment agreement. However, *Copeland* is not now persuasive as, even in the State of New York, after the enactment of the current regulation pursuant to the National Bank Act, which allows a national banking association organization to enter into reasonable contracts with its employees (see 12 C.F.R. § 7.5220 (1971), 36 Fed. Reg. 17000), a State trial court has determined that the regulations when viewed along with the plain language of the statute (see 12 U.S.C. § 24 (1982)) do not render unenforceable an agreement providing for severance pay upon dismissal. See *Schmidt v. Park Avenue Bank* (1990), 147 Misc. 2d 1043, 558 N.Y.S.2d 779.

Moreover, in *First National Bank v. Reynolds* (Ind. App. 1986), 491 N.E.2d 218, 219-20, a related case, the parties entered into a written employment agreement which provided that plaintiff was to be employed as president of defendant for a three-year term at a fixed annual salary and that in the event 25% or more of ownership in defendant was transferred during any 12-month continuous period within plaintiff's agreed-upon three-year term of employment, plaintiff could terminate his employment and continue to receive severance pay equal in amount to his agreed-upon salary until the end of the three-year term. After 22 months, plaintiff resigned. (See *Reynolds*, 491 N.E.2d at 220.) Although defendant's board of directors initially agreed by resolution to compensate plaintiff in accordance with the parties' written employment agreement, the board of direc-

tors later rescinded the resolution. (See *Reynolds*, 491 N.E.2d at 220.) Defendant relied upon several cases, including *Copeland*, to argue that the National Bank Act barred plaintiff's claim for breach of the employment agreement. (See *Reynolds*, 491 N.E.2d at 220.) The *Reynolds* court, however, distinguished *Copeland* as well as the other cases relied upon by defendant in this respect and concluded that, *inter alia*, because employment agreements such as the one entered into by the parties do not violate Indiana public policy, the trial court had correctly overruled defendant's motion to dismiss plaintiff's amended complaint seeking relief for breach of the employment agreement. (See *Reynolds*, 491 N.E.2d at 221-23.) In particular, the *Reynolds* court, in upholding the severance pay provisions, recognized that even though, as a general rule, a president of a corporation is entitled to compensation only for performing the duties of his office, he may acquire the right to be compensated differently if the source of that right is an antecedent valid contract between the parties. (See *Reynolds*, 491 N.E.2d at 222-23.) In recognizing this legal principle, the *Reynolds* court stated the following:

"In respect to his rights to compensation, he is subject, ordinarily, to the rule already stated with regard to directors. He is not entitled to any compensation for performing the ordinary duties of his office, *unless* the governing statute, or *some* by-law, regulation, or *contract*, to which his own vote was not essential, *had given it to him.* As the law does not imply an agreement to pay for such services, in order for him to recover compensation for them *he must,* at least, *show an antecedent valid agreement to pay for them.*" (Emphasis in original.) *Reynolds*, 491 N.E.2d at 223.

We believe the reasoning of *Reynolds* is persuasive. Weight should be given to the National Bank Act's current regulation permitting national banks to enter into reasonable employment contracts with its officers and employees (see 12 C.F.R. § 7.5220 (1971), 36 Fed. Reg. 17000). This regulation buttresses our view that an officer of a national bank may acquire the right to receive severance pay through a written employment agreement.

Further, an analysis of other cases relied on by defendant indicates that those cases involve lawsuits for wrongful dismissal wherein there was no separate written settlement agreement and are thus inapposite to the case at bar. (See *Marczak*, 186 Ill. App. 3d at 647; *Kemper*, 94 Ill. App. 3d at 170-71.) Here, unlike those cases, the parties freely entered into a separate written employment agreement which provided that plaintiff would be employed by defendant for three years and that if plaintiff's employment was terminated by de-

fendant before the end of the agreed-upon three-year term, defendant would have the obligation of making severance payments to plaintiff equal in amount to plaintiff's salary until the end of the three-year term. Accordingly, we hold that the trial court correctly granted summary judgment in favor of plaintiff.

The judgment of the trial court is affirmed.

Affirmed.

GORDON and McNULTY, JJ., concur.