142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joan CAVALIERI-CONWAY, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA BOARD OF EQUALIZATION, et al.,
Defendants-Appellees.
 Nos. 97-3584, 97-3585.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1998.*
Decided May 21, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 94 C 6826 & No. 94 C 7776.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, and Hon. DIANE P. WOOD, Circuit Judges.
 ORDER
 GOTTSCHALL, J.
 
 
 1
 Joan Cavalieri-Conway (Cavalieri-Conway) filed this suit alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, and Title VII, 42 U.S.C. § 2000e; constructive discharge; and under the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Cavalieri-Conway also alleged two claims based on Illinois law: fraudulent inducement in employment; and intentional interference with an employment relationship. The district court granted summary judgment in favor of the defendants. Cavalieri-Conway appeals, and we affirm.
 
 
 2
 Cavalieri-Conway was employed by the State of California Board of Equalization as a probationary tax auditor for approximately six months, from July 6, 1992, to January 8, 1993. Cavalieri-Conway and twelve other auditors (five females and seven males) were hired at approximately the same time. After training, the new recruits conducted the "less difficult" field audits, assisted in the "more difficult" field audits, corresponded with taxpayers, and answered tax-related questions. Cavalieri-Conway's immediate supervisor was Walter Cochara. Cochara also supervised two of Cavalieri-Conway's co-workers, Ann La Vallie and Susan Avalos. Robert Carrasco initially assisted Cochara in training Cavalieri-Conway, La Vallie and Avalos.
 
 
 3
 On December 21, 1992, Cavalieri-Conway submitted her resignation and complained to Cochara that she had been sexually harassed. The State immediately initiated an investigation into Cavalieri-Conway's allegations. None of the 21 individuals interviewed substantiated any of Cavalieri-Conway's allegations. On February 25, 1993, Cavalieri-Conway proceeded to file a complaint with the EEOC. The EEOC found no evidence to support Cavalieri-Conway's allegations and issued a right to sue letter.
 
 
 4
 Cavalieri-Conway filed suit in both the Northern District of Illinois and the Circuit Court of Cook County. The state law suit was removed to federal court, and the cases were consolidated. Cavalieri-Conway was assigned five different court-appointed attorneys, all of whom were allowed to withdraw because Cavalieri-Conway would not cooperate with them. She was also allowed to amend her complaint on five different occasions. The district court eventually granted summary judgment for the defendants, and Cavalieri-Conway appeals.
 
 
 5
 Cavalieri-Conway, who was over forty when the State hired her, appeals pro se the district court's grant of summary judgment as it relates to her ADEA claim, arguing that within the six months she was employed, the Board decided to terminate her because of her age. However, Cavalieri-Conway was not meeting her employer's legitimate job expectations. See Coco v. Elmwood Care, Inc., 128 F.3d 1177, 1179 (7th Cir.1997). She received poor work evaluations and admitted to "not getting along with anybody." Therefore, the district court correctly granted summary judgment for the defendants.
 
 
 6
 With regard to Cavalieri-Conway's vague sexual harassment and hostile work environment claims, she merely reiterates that she was the victim of what she ambiguously describes as a pervasive "sexual shakedown." Cavalieri-Conway's sexual discrimination and sexually hostile work environment claims rest on interpretations of situations which cannot objectively be construed in the way Cavalieri-Conway suggests. See Doe v. R.R. Donnelly & Sons Co., 42 F.3d 439, 444 (7th Cir.1994) ("The statute protects the worker against conduct a reasonable person might find hostile or abusive."). The district court properly rejected these claims.
 
 
 7
 Similarly, the district court correctly granted summary judgment as to Cavalieri-Conway's retaliation claim. Cavalieri-Conway did not file her EEOC charge until after she resigned; therefore she cannot make out a claim of retaliation for filing it. See 42 U.S.C. § 12203(a). Any claim based on constructive discharge fails because nothing in the record suggests that Cavalieri-Conway's working conditions "were so intolerable that a reasonable person would have been compelled to resign." Rabinovitz v. Pena, 89 F.3d 482, 489 (7th Cir.1996). Cavalieri-Conway's § 1983 and constitutional claims are also meritless and need not be addressed by this court.
 
 
 8
 Finally, Cavalieri-Conway argues that she has established prima facie cases for fraudulent inducement in employment and intentional interference with the employment relationship. However, a claim of fraudulent inducement requires that Cavalieri-Conway reasonably relied upon statements made by Cochara or other members of the Board. See Havoco of America, Ltd. v. Sumitomo Corp. of America, 971 F.2d 1332, 1341-42 (7th Cir.1992); Mitchell v. Norman James Constr. Co., 291 Ill.App.3d 927, 225 Ill.Dec. 881, 684 N.E.2d 872, 882 (Ill.App.Ct. 1 Dist.1997). Because Cavalieri-Conway does not allege statements which she could have reasonably relied upon, the district court properly rejected the claim. Additionally, Cavalieri-Conway cannot establish intentional interference because she had no reasonable expectation of continued employment: she was only a probationary employee, and she cannot prove that she was constructively discharged. See Marczak v. Drexel Nat'l Bank, 186 Ill.App.3d 640, 134 Ill.Dec. 441, 542 N.E.2d 787, 790 (Ill.App.Ct. 1 Dist.1989).
 
 
 9
 For the above stated reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)